IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Irene Toth, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  3:10-cv-00250-GPM-CJP |
| ) | |
| Phillips & Cohen Associates, Ltd., a ) | |
| New Jersey corporation, ) | |
| ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Irene Toth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Irene Toth ("Toth"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt for a Drive/Citibank credit card.  Defendant demanded payment of this debt, despite the fact that Ms. Toth was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. From Defendant P&C's offices in New Jersey, it operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant P&C is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant P&C conducts extensive business in Illinois.

7. Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant P&C acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Toth is a senior citizen who fell behind on paying her bills.  When various accounts became delinquent, Defendant P&C eventually began collection actions relative to some of Ms. Toth's debts.  Accordingly, Ms. Toth sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their limited income is protected from collections.

9. On January 8, 2009, Ms. Toth's attorneys at LASPD informed Defendant P&C, in writing, that she was represented by counsel as to all of her debts, and directed Defendant P&C to cease contacting her and to cease all collection activities because Ms. Toth was forced, by her financial circumstances, to refuse to pay any of her unsecured debts.   A copy of this collection letter is attached as Exhibit C.

10. Due to the fact that Defendant P&C continued to demand payment of Ms. Toth's debts, Ms. Toth sued Defendant P&C on June 15, 2009, in a matter styled Irene Toth v. Phillips & Cohen Associates, Ltd., No. 3:09-cv-0454-DRH-PMF (S.D. Ill.), which matter was settled on or about July 27, 2009.

11. Despite knowing that Ms. Toth was represented by counsel as to her debts, Defendant P&C sent her an initial form collection letter, dated February 9, 2010, demanding payment of a debt she allegedly owed originally for a Zales' jewelry store account, but that was now allegedly owed to a bad debt buyer, Portfolio Asset Group.  A copy of this collection letter is attached as Exhibit D.

12. This letter greatly alarmed Ms. Toth because Defendant P&C had, yet again, contacted her directly, and because she never had any account at Zales.

13. Eight days later, on February 17, 2010, Defendant P&C sent Ms. Toth another collection letter that now claimed that the debt at issue was actually owed originally for a Drive/Citibank credit card and that the current owner was Portfolio Asset Group.  A copy of this collection letter is attached as Exhibit E.

14. All of Defendant P&C's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Making A False Statement Of The Name Of Creditor

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

18. Defendant's violation of § 1692e of the FDCPA, includes, but is not limited to, falsely stating, in its collection letter to Ms. Toth that the name of the original creditor was Zales (Exhibit D).

19. Defendant P&C's violation of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Current Creditor

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692g of the FDCPA requires that, within 5 days of Defendant P&C's first communication to a consumer, it must provide consumers with an effective

4

validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

22. Defendant P&C's letters (Exhibits D and E) to Ms. Toth failed to state the name of the current creditor because there is no such entity as Portfolio Asset Group and, thus, Defendant has failed to identify the name of the creditor.  In fact, Ms. Toth, through her counsel, has learned that actual name of the current creditor is PCA Acquisitions V, LLC, a Delaware corporation that is related to Defendant P&C through common ownership and management.  Therefore, Defendant P&C's form collection letters violate § 1692g(2) of the FDCPA.

23. Defendant P&C's violations of § 1692g(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

26. Defendant P&C knew that Plaintiff was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), and via her prior lawsuit, that she was represented by counsel.  By sending the collection letters (Exhibits D and E) directly to Ms. Toth, despite being

advised that she was represented by counsel, Defendant P&C violated § 1692c (a)(2) of the FDCPA.

27.     Defendant P&C's violation of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### COUNT IV
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

28.     Plaintiff adopts and realleges ¶¶ 1-15.

29.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

30.     Here, the letter from the Ms. Toth's attorney, LASPD (Exhibits C), and prior lawsuit, told Defendant P&C to cease communications and cease collections.  By continuing to communicate regarding Ms. Toth's debts and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

31.     Defendant P&C's violation of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Irene Toth, prays that this Court:

1.      Find that Defendant P&C's debt collection actions violated the FDCPA;

      2.      Enter judgment in favor of Plaintiff Toth, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

      3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Irene Toth, demands trial by jury.

      Irene Toth,

      By: /s/ David J. Philipps
      One of Plaintiff's Attorneys

Dated:  April 5, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com